Derek A. Newman, State Bar No. 190467
*dn@newmanlaw.com*
Derek Linke, State Bar No. 302724
*linke@newmanlaw.com*
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Phone: (310) 359-8200
Facsimile: (310) 359-8190

John D. Denkenberger (*pro hac vice* to be filed)
*john.denkenberger@cojk.com*
CHRISTENSEN O'CONNOR
JOHNSON KINDNESS PLLC
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Phone: (206) 682-8100
Facsimile: (206) 224-0779

Counsel for Plaintiff–Appellant
Chun Hua Lo

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CHUN HUA LO,<br><br>    Plaintiff–Appellant,<br><br>v.<br><br>MONSTER ENERGY COMPANY,<br><br>    Defendant–Appellee. | Case No. 5:23-cv-00549<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff–Appellant Chun Hua Lo alleges for his complaint against Defendant–Appellee Monster Energy Company on personal information as to Appellant's own activities and on information and belief as to the activities of others as follows. This action arises under 15 U.S.C. § 1071(b)(1) of a decision by the Trademark Trial and Appeal Board ("TTAB").

## NATURE OF THE ACTION

1.   Appellant seeks review under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145(c) and reversal of the TTAB's decision in *Monster Energy Company v. Chun Hua Lo*, Opposition No. 91225050 (T.T.A.B. January 24, 2023) ("Opposition Proceeding"), which sustained Monster's opposition to Appellant's application for federal registration for the mark ICE MONSTER and prevented the application from proceeding to registration.

## THE PARTIES

2.   Appellant Chun Hua Lo is a Taiwanese citizen and resident. Appellant is the Applicant in the Opposition Proceeding.

3.   Upon information and belief, Appellee Monster Energy Company is a Delaware corporation with a principal place of business in this District. Appellee is the Opposer in the Opposition Proceeding.

## JURISDICTION

4.   This is an action arising under the Lanham Act, 15 U.S.C. § 1051 et seq., including in particular 15 U.S.C. § 1071(b)(1).

5.   This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that this matter involves an action arising under the

1  Lanham Act. Further, this Court also has jurisdiction over this matter under 15
2  U.S.C. § 1071(b)(1), in that this matter involves an appeal from a TTAB
3  proceeding.
4       6.    This Court has personal jurisdiction over Appellee because, on
5  information and belief, Appellee maintains a principal place of business in this
6  District.
7       7.    Venue is appropriate in this District under 28 U.S.C. §§ 1391(b)(3) and
8  (c)(3), because Appellee maintains its principal headquarters in Corona, California,
9  which is in this District.

## FACTUAL BACKGROUND

**A.    Appellant's Adoption and Use of its ICE MONSTER Mark**

12       8.    Chun Hua "Frank" Lo is the "hands on" owner and President of
13  FnB, Inc., a Taiwanese company that owns as its main asset a chain of artisanal
14  gourmet ices parlors in four countries known as Ice Monster ("IM"). Frank's
15  creation and development of IM is the story of a hard-working entrepreneur who
16  developed a successful business selling ice confections in Taipei, Taiwan, and
17  expanded to other countries.
18       9.    Frank started business in 1996—long before Appellee started its
19  business—when he decided to open a gourmet ices parlor and to name his ices
20  restaurants ICE MONSTER. Before deciding on that name, Frank also considered
21  the term "Ice Master" but as a matter of humility and brand direction, he
22  considered the term "Ice Master" too arrogant and insufficiently humble. Frank
23  wanted the dessert treats IM would sell to be a good value, so he wanted to make

1  them large. The word "monster" is almost synonymous with "large size."

2  10.   At about the same time, ICE MONSTER, taken as a whole, has another
3  layer of meaning because when "monster" is used as a noun and combined with
4  "ice", it conjures up an ice creature. Because Frank wanted an accessible and fun
5  creature, he drew an "ice cube man" caricature:



9  11.   This jovial twist on a non-monstrous monster developed into one of IM's
10 commercial identifiers. It is now registered as U.S. Trademark No. 5,971,045.

11 12.   Having created and settled on the name, Frank focused on developing a
12 carefully curated line of gourmet ices treats made with natural, high-quality fresh
13 fruits and natural fruit juices. He was determined to make these treats both
14 delicious and natural. His goal was to create ice treats that would delight people of
15 all ages. He envisioned ICE MONSTER restaurants as a place where people could
16 celebrate with friends and family, enjoy a treat after a hard day, reward themselves
17 with something delicious, wholesome, and special, or just hang out while eating a
18 treat served in a fun, upbeat, comforting, and uncluttered environment.

19 13.   IM started its business in Asia. Back then, in the late 1990's, the
20 storefronts carried a sign that looked like this:

21
   ICE MÖNSTER 冰館
22

23 14.   In or about 2009, Frank married Betty Hung, a citizen of the United
24

1  States, and a graduate of the University of Washington, who has more than 20
2  years of experience as a business executive. She joined Applicant's business as
3  Executive Vice President. Frank had long dreamt of bringing Ice Monster to the
4  United States, and when Betty joined FnB, Inc., this goal became much more
5  realistic. Betty had extensive contacts and experience in the United States and was
6  fluent in English.
7       15.   In about the 2011 timeframe, Applicant modernized its mark to look like
8  this:



12      16.   This special form mark—U.S. Serial No. 86/274,025—was filed for
13  registration in various countries. In the U.S. it was filed in International Class 043
14  for restaurant services, namely, "restaurants, coffee shops, ice parlors, snack bars
15  with take-out for flavored and fruit ice products, and specifically excluding frozen
16  yogurt." (Applicant's U.S. Trademark Application No. 86/274,025.) The
17  description of the design was, "the words 'ICE MONSTER' where the word
18  'ICE' is contained within a vertical blue rectangular shape, followed by the word
19  'MONSTER,' all in a stylized, irregular font in the color blue. The color white
20  represents transparent area and is not claimed as a feature of the mark."
21  (Applicant's U.S. Trademark Application No. 86/274,025.)
22      17.   The trademark examination resulted in the Examining Attorney's
23  issuance of an Office Action, and he cited the following three marks:
24  (1) Registration No. 3933126 for MONSTER ICE, in standard characters, for use in

connection with "frozen and freezable confections, namely, water ices and frozen yogurt."; (2) Registration No. 2899215 for SNOWMONSTER, in stylized form, for use in connection with "confection featuring soft serve custard"; and (3) Registration No. 3645641 for FROZEN MONSTER, in standard characters, for use in connection with "frozen yogurt and frozen yogurt-based desserts combined with fruit, nuts, cereal and shaved ice and rice cakes." Of note, none of the cited marks were registered to Opposer.

18.  As is often the case, Applicant was able to amend its description of goods to satisfy the Examiner. A Notice of Publication issued on July 8, 2015, and was published on July 28, 2015. For more than six years now, IM has been fighting for its name in the United States against a giant adversary.

**B.  The TTAB Opposition Proceeding**

19.  On November 25, 2015, Appellee filed an Opposition with the TTAB against Appellant's application for the mark ICE MONSTER, alleging that the mark is likely to cause confusion among consumers between Appellant's good and services and Appellee's energy drinks. Appellee alleged that it had obtained common law rights on its MONSTER ENERGY family of marks with which Appellant's ICE MONSTER mark would conflict.

20.  On September 10, 2021, Appellee filed its opening trial brief in support of its Opposition against Appellant's application for the ICE MONSTER mark. On November 10, 2021, Appellant simultaneously filed his responsive trial brief and a motion to amend his application to narrow Appellant's goods and services, contingent on an adverse ruling by the TTAB. On November 24, 2021, Appellee

filed its reply.

21. By written Final Decision dated January 24, 2023, the TTAB sustained Appellee's Opposition to Appellant's application. In pertinent part, the TTAB's decision:

- Declined to allow Appellant to amend his statement of goods and services;
- Found that Appellee had adequately demonstrated common law use of its MONSTER ENERGY mark in connection with "restaurant services";
- Found that Appellee's use of its MONSTER ENERGY mark in connection with its own private cafeteria was sufficiently related to Appellant's restaurant services to support a finding of a likelihood of confusion;
- Found that the hyperbolic term MONSTER in Appellee's MONSTER ENERGY mark is the dominant term in the mark;
- Found that Appellee's MONSTER ENERGY mark was not famous outside of its use for energy drinks;
- Found that Appellee's use of its MONSTER ENERGY mark "has not resulted in any notable commercial strength of the mark in connection with 'restaurant services'";
- Found that the fame of Appellee's MONSTER ENERGY mark "does not extend to restaurant services generally or to restaurants with take-out for flavored ice products";
- Found that the term MONSTER creates the same commercial impression in restaurant services for both Appellant's mark and Appellee's mark;

- Based on the foregoing, found that the first factor under the *In re E.I. du Pont de Nemours & Co.* ("*DuPont*"), 476 F.2d 1357 (C.C.P.A. 1973), likelihood-of-confusion standard weighed in favor of a finding of a likelihood of confusion between Appellant's mark and Appellee's mark; and

- Found that the remaining *DuPont* factors were all either neutral or did not apply to this proceeding.

22. Based on its analysis of the *DuPont* factors, the TTAB sustained Appellee's opposition on the ground of a likelihood of confusion.

## CLAIM FOR RELIEF
**Request for Judicial Review of the TTAB Decision**
**(15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145(c))**

23. The TTAB issued a final decision in the Opposition Proceeding sustaining Appellee's opposition to Appellant's ICE MONSTER trademark registration application.

24. The TTAB's determination rested on numerous errors of law and fact, including but not limited to: (1) the TTAB's refusal to allow Appellant to amend his application to "restrict his services, contingent upon the [TTAB] ruling against [Appellant] on the likelihood of confusion claim"; (2) the TTAB's decision regarding whether Appellee had a statutory cause of action to bring its opposition (formerly known as "standing"); and (3) the TTAB's conclusion, and the bases therefore, finding that "there is a likelihood of confusion between [Appellant's] mark in this registration and [Appellee's] mark for 'restaurants, coffee shops, ices parlors, snack bars with take-out for flavored and fruit ice products, and specifically

excluding frozen yogurt.'"

25. Appellant respectfully requests a *de novo* judicial review of the TTAB's determination on all issues.

26. In this case, the facts described above demonstrate that the January 24, 2023 TTAB decision should be reversed and vacated and that the Court should enter an Order:

    a. Finding that Appellee lacked standing to oppose Appellant's application for the ICE MONSTER mark;

    b. Finding that Appellant's ICE MONSTER mark is not generic;

    c. Finding that Appellant's ICE MONSTER mark is not descriptive;

    d. Finding that the mark ICE MONSTER has acquired distinctiveness in connection with Appellant's goods/services;

    e. Reversing the TTAB's refusal to register the ICE MONSTER mark; and

    f. Requiring the Director of the USPTO to take actions consistent with the Court's decision, including to issue a certificate of registration for Appellant's ICE MONSTER mark (Serial No. 86/274,025).

## REQUEST FOR RELIEF

Plaintiff-Appellant Chun Hua Lo respectfully requests that the Court enter judgment in its favor and against Defendant-Appellee Monster Energy Company, as follows:

    1. An Order reversing and vacating the decision in *Monster Energy Company v. Chun Hua Lo*, Opposition No. 91225050 (T.T.A.B. January 24, 2023);

2. A declaration that Appellee lacked standing to oppose Appellant's Application for ICE MONSTER;

3. A declaration that Appellant's ICE MONSTER mark is not generic;

4. A declaration that Appellant's ICE MONSTER mark is not descriptive;

5. A declaration that Appellant's ICE MONSTER mark has acquired distinctiveness in connection with Appellant's goods/services;

6. A declaration that Appellant's ICE MONSTER mark is a valid and enforceable trademark;

7. An Order requiring the Director of the USPTO to issue a certificate of registration for Appellant's ICE MONSTER mark (Serial No. 86/274,025);

8. An Order awarding Appellant its reasonable attorneys' fees, expenses, and costs in this action; and

9. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

**NOTICE OF NEW EVIDENCE AND REQUEST FOR *DE NOVO* REVIEW**

Appellant intends to (a) introduce evidence in this case, beyond that which was considered by the USPTO and (b) develop and pursue such new evidence to the full extent permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Appellant thus requests that this Court undertake *de novo* review for any factual disputes in this case.

Dated: March 28, 2023                    Respectfully submitted,

NEWMAN DU WORS LLP

/s/ Derek Linke
Derek A. Newman, No. 190467
*dn@newmanlaw.com*
Derek Linke, No. 302724
*linke@newmanlaw.com*

Counsel for Plaintiff-Appellant
Chun Hua Lo

# DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure and L.R. 38-1, Plaintiff-Appellant Chun Hua Lo requests a trial by jury of all issues presented in this Complaint which are so triable.

Dated: March 28, 2023                    Respectfully submitted,

NEWMAN DU WORS LLP

/s/ Derek Linke
Derek A. Newman, No. 190467
*dn@newmanlaw.com*
Derek Linke, No. 302724
*linke@newmanlaw.com*

Counsel for Plaintiff-Appellant
Chun Hua Lo